(38 South. 172.)

No. 15,290.

McKNIGHT v. BANK OF ACADIA.*

(Jan. 30, 1905.)

BANKS—REFUSAL TO PAY CHECKS—DAMAGES—SUIT FOR DEPOSIT—MATERIALMAN'S CLAIM.

1. An indebtedness of a bank to a contractor, being a balance due on a building contract retained by the bank pending the settlement of certain claims for materials furnished, does not, on becoming exigible by the contractor, constitute money or funds in the hands of the bank, subject to be checked out as in ordinary cases of bank deposits. Hence the nonpayment of the contractor's checks by the bank in such a case does not furnish a legal basis for a claim for damages to the drawer's credit.

2. A suit for a balance of deposits as per passbook will be maintained where there is no plea of want of amicable demand, accompanied by a tender of the balance due.

3. The recordation of the claim of a materialman in the mortgage book is without legal efficacy as to the owner, when the right of action, if any, against him, has been barred by the statutory prescription of 90 days. Act No. 180, p. 223, of 1894.

(Syllabus by the Court.)

Appeal from Eighteenth Judicial District Court, Parish of Acadia; Conrad De Baillon, Judge.

Action by James F. McKnight against the Bank of Acadia. Judgment for defendant, and plaintiff appeals. Affirmed.

Story & Pugh, for appellant. Medlenka & Taylor, for appellee.

LAND, J. Plaintiff erected a bank building for defendant. On March 11, 1903, the

*Rehearing denied March 13, 1905.

parties had a settlement of accounts, and the following instrument was executed, viz.:

"Crowley, La., March 11th, 1903. Received of Bank of Acadia, Thirteen Thousand Three Hundred and Fifty-Five and 24/100 Dollars, in full settlement of balance due me by the said bank for their Bank building in the town of Crowley, under the contract with said Bank, save and except the sum of One Thousand Dollars deducted from said sum of $13,355.24 and retained by said Bank of Acadia, pending settlement of claim of Indiana Bedford Stone Company of Bedford Ind. and claim of Crowley Brick Company Ltd., the said concerns being allowed 30 days in which to settle their claims or file suits in default of amicable settlement. The said Bank building is this day accepted and completed. [Signed] J. F. McKnight."

On the same day the following instrument was signed by the cashier of the bank, viz.:

"Crowley, 3/11, 1903. The Bank of Acadia of Crowley, La., this day has received from J. F. McKnight, One Thousand Dollars ($1,000), pending settlement between the Crowley Brick Company, Indiana Bedford Stone Company and J. F. McKnight, for material furnished to J. F. McKnight for Bank of Acadia and annex, at Crowley.

"The above mentioned Crowley Brick Company and Indiana Bedford Stone Company have (30) thirty days to make settlement with said J. F. McKnight, or file suit for their claims. If settlement is not made, nor suit filed in within above mentioned time, the above mentioned amount is to be paid J. F. McKnight, or should part of either of the Stone or Brick Company claim be paid, then the bank is to pay J. F. McKnight the above mentioned amount, less the amount which is in controversy."

The claim of the Crowley Brick Company was amicably adjusted, and thereupon the bank paid plaintiff's check for $500, and subsequently credited his deposit account with a like sum. The claim of the stone company was not paid, and on April 8, 1903, an affidavit to the effect that J. F. McKnight was indebted unto said company in a balance of $207 for stone for Bank of Acadia building, as per contract, was recorded in the mortgage book of the parish. On May 9, 1903, the stone company brought suit against McKnight for said balance, praying only for a judgment in personam.

During July, 1903, plaintiff drew several checks or drafts against defendant bank,

which refused to pay the same on the alleged ground of insufficient funds. Plaintiff had only $16.30 to his credit on his passbook.

The first check thus dishonored was for $25, and of date July 13, 1903. After the bank refused to pay said check, plaintiff drew other checks or drafts on the defendant, which likewise went to protest for nonpayment.

Plaintiff instituted suit in September, 1903, to recover the balance of $500 due under the building contract, the balance of $16.30 due as per deposit book, protest fees, and alleged damages occasioned by the dishonor of his checks and drafts. Defendant answered, setting forth the facts of the case as already stated herein, and averred that, as to the $500 retained by the bank under the building contract, the relation of banker and depositor had never taken place between the parties, and that it was not contemplated that said fund so reserved should be subject to be checked out after the expiration of the 30 days mentioned in the receipt.

Defendant further averred that within said delay the stone company filed a lien claim against the building, and brought suit on its said claim before plaintiff made any demand for the balance of the fund reserved.

Defendant further averred that its only desire in the premises was to protect itself against the claim of the stone company, and tendered and deposited in open court said sum of $500, to await the determination of said suit.

Respondent further averred that the $16.30 was held as a deposit subject to plaintiff's demand to be made at its counting house. Respondent, further answering, charged that plaintiff well knew when he drew the dishonored checks that the balance of $500 had never been placed to his credit as a deposit subject to his check, and that he drew said checks, well knowing that they would not be honored, and with the special design of bolstering up a damage suit.

There was judgment for defendant, and plaintiff has appealed.

The passbook of plaintiff shows that said balance of $500 had not been placed to his credit as a depositor of the bank. On May 16, 1903, plaintiff wrote to defendant to place the $1,000 "retained pending settlement" to his credit in his passbook. The book was balanced and returned, showing that $500 had been debited to the bank as of date May 28, 1903. This credit to plaintiff was to cover a check for $500 previously honored on the settlement of the claim of the Crowley Brick Company.

Plaintiff drew the checks which were dishonored, well knowing that, according to his passbook, he had to his credit only $16.30 in the bank.

Defendant may have owed plaintiff a balance of $500 on the price of the building contract, and at the same time the relation of banker and depositor may not have existed between them. A check is an order on a bank, purporting to be drawn on a deposit of funds. It presupposes that the drawer has money in the hands of the banker subject to his order at any time on demand. Randolph on Commercial Paper, vol. 1, § 8, and notes.

On the other hand, an indebtedness may be assigned, but it is indivisible, and cannot be assigned to different persons without the consent of the debtor.

On the facts of this case, we are of opinion that the bank was under no legal obligation to pay the checks or drafts drawn by the plaintiff, who had not money to his credit on deposit account sufficient to meet the same.

The bank, however, owed plaintiff the sum of $500, and the small balance to his credit on deposit account. There is no evidence that the stone company served any attested

account on the defendant, and if it ever had any claim against defendant, under Act No. 180, p. 223, of 1894, for materials furnished to the contractor, its action thereon was barred prior to the filing of the suit, by the lapse of 90 days from the completion of the building.

The stone company has filed no suit against the defendant, and the recordation of the affidavit of its manager is without legal efficacy. This suit was a judicial demand for the $16.30 due plaintiff on deposit account. Defendant did not plead want of amicable demand, and tender the balance due. As the stone company claims nothing of the defendant, there was no reason for the deposit of $500 in the registry of the court.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended so as to decree that the plaintiff do have and recover of the defendant bank the sum of $516.30, with legal interest thereon from judicial demand until paid, and that the defendant pay all the costs of suit, and that, as thus amended, said judgment be affirmed; defendant to pay costs of appeal.

PROVOSTY, J., not having heard the argument, takes no part.